IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MADISON ARLEDGE,<br><br>　　　　　Defendant. | 4:24CR3060<br><br><br>**ORDER** |

　　　　Before the Court is Plaintiff's Motion for Temporary Medical Bond (Filing No. 45) in which Plaintiff United States of America requests Defendant Madison Arledge be released on her own recognizance to allow her to receive appropriate medical care. Plaintiff also requests a status hearing. After consideration of this motion, and based upon the information in this motion, as well as the information on the docket, including the Indictment at Filing No. 1. and Initial Pretrial Services Report at Filing No. 22, the Court grants this motion in part.

　　　　IT IS ORDERED:

1) Defendant's motion for temporary medical bond (Filing No. 45) is granted in part.

2) Defendant is released from custody subject to the following conditions:

   a. The defendant must not commit any offense in violation of federal, state or local law while on release in this case.
   b. The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
   c. The defendant must immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.
   d. The defendant must appear at all proceedings as required and must surrender for service of any sentence imposed as directed.
   e. The defendant must truthfully report to the United States Probation and Pretrial Services Office as directed (402) 437-1920 and comply with their directions.
   f. Defendant must execute a medical release/authorization which allows the United States Probation and Pretrial Services Office access to her medical records and ongoing medical condition as soon as possible and to provide a copy of such release/authorization to defense counsel and the United States Probation and Pretrial Services Office.

    g. Defendant must submit to the search of her person, place of residence or vehicle, upon request of law enforcement or Pretrial Services.
    h. Defendant must have no contact with the following persons: Brian Titman and David Griffitt; directly or indirectly, including correspondence, telephone, or communication through third parties.
    i. Not possess a firearm, destructive device, or other dangerous weapon.
    j. Refrain from any use or possession of alcohol.
    k. Not possess or use a narcotic drug or other controlled substance defined in 21 U.S.C. 802 unless prescribed by a licensed medical practitioner.

3) Defense counsel is to discuss the release conditions set forth herein with Defendant as soon as reasonably possible. Defendant is advised that if she is not willing to abide by the conditions set forth herein, she and/or her defense counsel is to advise the Court immediately.

4) The conditions of release set forth in Paragraph 2 are subject to modification based upon the Defendant's health condition.

5) The attorneys in this matter are to participate in a status conference is with the Court on July 1, 2024 at 1:00 p.m.

Dated this 29th day of June, 2024.

                        BY THE COURT:

                        *s/ Jacqueline M. DeLuca*
                        United States Magistrate Judge